UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY W. SOTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER TY SNIDER (Spokane Police); ANNE KIRKPATRICK (Chief of Police); and STEVEN J. TUCKER (Spokane County Prosecutor),<br><br>    Defendants. | NO.  CV-07-325-RHW<br><br>**ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS** |

Before the Court are Defendants Kirkpatrick and Snider's Motion for Order Releasing Jail Records (Ct. Rec. 24) and Motion to Extend Time to Respond to Discovery (Ct. Rec. 27). Also before the Court are Defendant Tucker's Motion to Continue Deadlines for Disclosures (Ct. Rec. 30) and Motion to Dismiss Pursuant to FRCP 12(b)(6) (Ct. Rec. 33). These motions were heard without oral argument.

Plaintiff filed his Complaint *pro se* alleging violations of 42 U.S.C. § 1983 on the basis of Defendants' use of excessive force, failure to give due process, equal protection, and Fourth Amendment violations. He also alleges state law claims of false arrest and imprisonment, negligent infliction of emotional distress, negligence, outrageous conduct, and malicious prosecution. Last, Plaintiff alleges a claim for exemplary damages. Plaintiff's claims arise from his arrest, along with the investigation, preliminary incarceration, and formal charging with Attempt to Elude a Police Vehicle, Possession of Marijuana, and Driving While License

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 1

Suspended.

## I. Motion for Order Releasing Jail Records

First, Defendants Kirkpatrick and Snider filed a motion for an order releasing copies of all jail records relating to Plaintiff pursuant to RCW § 70.48.100(2)(c). Defendants assert these records are necessary for anticipated dispositive motions related to Plaintiff's false arrest claim. RCW § 70.48.100(2) states in relevant part that the records of a person confined in jail shall be made available for use in court proceedings upon the written order of the court or upon the written permission of the person. Defendants note that they attempted to contact Plaintiff at least two times, leaving him messages to contact them to get his permission to access those records. Plaintiff did not return Defendants' calls. Defendants also state that they will provide a copy of Plaintiff's jail records to Plaintiff upon receipt. Plaintiff did not respond to this motion.

The Court finds Defendants' request is reasonable and orders the release of Plaintiff's jail records.

## II. Motion to Extend Time to Respond to Discovery

Defendants Kirkpatrick and Snider also ask the Court for an Order extending time to respond to Plaintiff's interrogatories and requests for production, which were served on February 26 and 28, to May 16, 2008 or another date at the Court's discretion. Defendants submit they require an additional six weeks to adequately respond to the 41 interrogatories and discovery requests. They note that the discovery cut-off date is not until December 2, 2008, so Plaintiff should not be prejudiced by an extension. Plaintiff did not respond to this motion. The Court grants Defendants' request for an extension.

## III. Motion to Continue Deadlines for Disclosures

Defendant Tucker also asks the Court to continue the deadlines for disclosures and responses to interrogatories and requests for production, but he asks to extend this time until after the Court decides his pending motion under Rule

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 2

12(b)(6). Tucker states that he has filed a motion under Rule 12(b)(6) that will seek dismissal as a matter of law without reference to any facts outside of the pleadings currently filed with the Court. Tucker has complied with initial disclosure requirements. He states that Plaintiff's discovery requests are voluminous and may require potential motions for protective orders or for clarification. Tucker submits that staying discovery until his pending motion to dismiss has been decided may save much time and effort on behalf of the Court and the parties. Plaintiff has not responded to this motion.

The Court notes that this motion is rendered moot by the Court's determination, discussed below, that Defendant Tucker's motion to dismiss has merit.

**IV.    Defendant Tucker's Motion to Dismiss Pursuant to FRCP 12(b)(6)**

Last, Defendant Tucker filed a Motion to Dismiss Pursuant to Rule 12(b)(6). He asks for dismissal of all of Plaintiff's claims as they relate to him. In Plaintiff's Complaint, Mr. Tucker's participation in the alleged claims arises from his denial, with Defendant Kirkpatrick, of Plaintiff's request to provide Plaintiff the opportunity to submit to a polygraph examination concerning his participation in the charged events.

**A.    Standard of Review**

The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). The motion to dismiss does not involve evaluating the substantive merits of the claim. *Id.* The standard is viewed liberally in favor of plaintiffs. *Id.* at 1275. Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should be dismissed where plaintiff fails to state an adequate "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must evaluate whether, in the light most favorable to the pleader, and

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 3

resolving all discrepancies in the favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007).[1] In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.*

Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

Because Plaintiff is proceeding *pro se*, the Court shall construe his claims for relief liberally. *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996). "The allegations of a *pro se* complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1987) (internal quotations omitted).

**B.    Analysis**

Plaintiff's Complaint includes two claims that involve Defendant Tucker: a claim pursuant to 42 U.S.C. § 1983 and a state law malicious prosecution claim.

**1.    Section 1983**

Section 1983 creates a cause of action against any person who, acting under color of state law, violates the constitutional rights of another person. 42 U.S.C. § 1983; *Mabe v. San Bernardino County, Dep't of Public Soc. Serv.*, 237 F.3d 1101, 1106 (9th Cir. 2001). To succeed on a § 1983 claim, Plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state

---

[1] The *Twombly* Court rejected the *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957), standard that held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 1968-69.

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 4

law; and (2) the conduct deprived him of a constitutional right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Under § 1983, a person deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that 'causes' the deprivation of which [the plaintiff complains]." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (alteration in original), *cert. denied*, 502 U.S. 1074 (1992); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id.* at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must present a causal connection between named Defendants and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992). Additionally, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor*, 880 F.2d at 1045 (citation omitted).

In his Complaint, Plaintiff alleges Defendant Tucker's participation as follows:

> Plaintiff reported these crimes committed by Officer Snider[2] to

---

[2] The alleged crimes to which Plaintiff refers are excessive force, false statements, false arrest and imprisonment, and generally using his position under

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 5

> Spokane Chief of Police, Defendant Ann Kirkpatrick and Spokane County Prosecutor Defendant Steve Tucker and requested further investigation. The Spokane Police Department and Spokane County Prosecutor's Office use polygraph examinations and other tools to eliminate suspects in criminal investigations when innocence is claimed. Plaintiff Sotin made requests to both Defendant Kirkpatrick and Tucker for polygraph and further investigation. Both Defendants denied requests and failed to investigate complaint in a non prejudicial manner, maliciously prosecuting Plaintiff denying him equal protection of the law.

(Cmplt., at 2).

Defendant Tucker argues that he is entitled to prosecutorial immunity on the face of the Complaint. Prosecutors enjoy absolute immunity when performing their prosecutorial functions, such as preparing and filing charging documents that initiate a proceeding. *Beltran v. Santa Clara County*, 491 F.3d 1097, 1104-05 (9th Cir. 2007) (citation omitted). "Prosecutorial immunity depends on 'the nature of the function performed, not the identity of the actor who performed it.'" *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). In determining whether absolute immunity applies, "'prosecutorial' refers . . . to conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Goldstein v. City of Long Beach*, 481 F.3d 1170, 1175 (9th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Prosecutors are entitled to qualified immunity, rather than absolute immunity, when they perform administrative functions, or 'investigative functions normally performed by a detective or police officer.'" *Genzler*, 410 F.3d at 636 (quoting *Kalina*, 522 U.S. at 126).

Defendant Tucker discusses two alternatives for dismissal. First, he submits that if Plaintiff is alleging Tucker's conduct renders him liable as the elected prosecutor for the actions of the deputy prosecutors, the § 1983 claim should be dismissed because it cannot be premised on a respondeat superior theory. *Taylor*, 880 F.2d at 1045. Second, if Plaintiff is alleging Tucker maliciously prosecuted

---

color of law to cause harm to Plaintiff.

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 6

him solely due to Tucker's failure to offer to administer a polygraph, the claims should be dismissed because the decision to administer a polygraph falls squarely within the quasi-judicial function of a prosecuting attorney, making Tucker absolutely immune from liability.[3]

The Court notes, however, that Plaintiff's allegations regarding Defendant Tucker are insufficient in another aspect. A refusal to administer a polygraph test when it is requested is not a violation of a constitutional right: there is no constitutional right to be tested through a polygraph to prove innocence. Indeed, in Washington polygraph test results are only admissible in court by stipulation between the prosecutor and the defendant, and even then the judge retains the power to reject evidence of test results. *State v. Elliott*, 121 Wn.App. 404, 407 (2004). Therefore, Plaintiff's allegations regarding Tucker do not state a claim under § 1983 and are dismissed.

### 2. Malicious Prosecution

Defendant Tucker does not directly address Plaintiff's claim for malicious prosecution in his motion. To succeed on a claim for malicious prosecution in Washington, a plaintiff must allege and prove the following:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983) (quoting *Gem Trading Co. v.*

---

[3] Tucker notes that if Plaintiff were to argue that Tucker's refusal to administer the polygraph was an investigative function and therefore outside the protections of absolute immunity, the Complaint would also be insufficient. His reasoning behind this conclusion is a little unclear, but a prosecuting attorney's refusal to administer a polygraph test appears to be a refusal to step out of the prosecutorial role, and not the performance of an investigative function.

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS ~ 7

*Cudahy Corp.*, 92 Wn.2d 956, 962-63 (1979)). Plaintiff bears the burden of proving "malice" in a malicious prosecution case. *Id.* "Malice" has become a term of art in malicious prosecution cases, and it may be established

> by proving that the prosecution complained of was under taken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff. Impropriety of motive may be established . . . by proof that the defendant instituted the criminal proceedings against the plaintiff (1) without believing him to be guilty, or (2) primarily because of hostility or ill will towards him, or (3) for the purpose of obtaining a private advantage as against him.

*Id.* at 594. Washington case law on malicious prosecution claims and immunity indicates that prosecutors enjoy similar immunity as they do when facing a § 1983 claim. *See Creelman v. Svenning*, 67 Wn.2d 882, 884 (1966) (holding that prosecuting attorneys, as quasi-judicial actors, are absolutely immune from liability for acts done in the performance of their official duties, even if they act maliciously or willfully).

Plaintiff filed a response to this motion on May 6, 2008. In his objection to Tucker's motion to dismiss, he requests a hearing to present evidence, and he asserts that Tucker "omitted to perform an act that he is legally required to do that caused the deprivation of which Plaintiff complains." As stated above, the Court disagrees that Tucker had a legal duty to administer a polygraph test. Plaintiff asks the Court to order Tucker to respond to his interrogatories before ruling on the motion to dismiss/summary judgment motion. The Court finds this is not necessary.

The Court grants Defendant Tucker's motion to dismiss Plaintiff's claims against him.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Kirkpatrick and Snider's Motion for Order Releasing Jail Records (Ct. Rec. 24) is **GRANTED**.

2. Defendants Kirkpatrick and Snider's Motion to Extend Time to Respond to Discovery (Ct. Rec. 27) is **GRANTED**. They shall respond to Plaintiff's

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 8

1  discovery requests on or before May 16, 2008.

2      3.  Defendant Tucker's Motion to Continue Deadlines for Disclosures (Ct.
3  Rec. 30) is **DENIED as moot**.

4      4.  Defendant Tucker's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Ct.
5  Rec. 33) is **GRANTED**.  Plaintiff's claims against Defendant Tucker as alleged in
6  his Complaint are **dismissed with prejudice**.

7      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
8  Order and forward copies to counsel.

9      **DATED** this 14th day of May, 2008.

                  *S/ Robert H. Whaley*

                  ROBERT H. WHALEY
                  Chief United States District Judge

Q:\CIVIL\2007\Sotin\discovery.dismiss.ord.wpd

ORDER GRANTING MOTIONS REGARDING DISCOVERY, TO DISMISS * 9